UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EVAN NIX,

                              Plaintiff,

v.                                                        9:16-CV-828
                                                                       (FJS/TWD)

CORRECTION OFFICER STEPHEN LESTER, *et al.*,

                              Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

LAW OFFICES OF DEVON M. WILT            DEVON M. WILT, ESQ.
Counsel for Plaintiff
160 Broadway, 4th Floor
New York, New York 10038

HON. LETITIA JAMES                            ERIK PINSONNAULT, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT RECOMMENDATION

      On July 7, 2016, Evan Nix ("Plaintiff"), an inmate in custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 regarding alleged violations of his constitutional rights. (Dkt. No. 1.) Plaintiff filed an amended complaint on December 8, 2016, which was ordered stricken from the docket. (Dkt. Nos. 20, 26.) Thereafter, a second amended complaint was filed with permission on January 13, 2017. (Dkt. No. 23.) This became the operative pleading. According to Plaintiff, correction officers Victor Norton ("Norton") and Stephen Lester ("Lester")

(collectively, "Defendants") beat him on July 7, 2013, after he was in an altercation with another inmate. *Id*. Based on this event, Plaintiff raises an excessive force and failure to protect claim against Defendants. (*See* Dkt. Nos. 23, 56.)

Defendants now move for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, because Plaintiff failed to exhaust his administrative remedies before filing his complaint. (Dkt. No. 64.) Plaintiff opposed the motion and Defendants submitted a reply. (Dkt. Nos. 73, 76.) The Honorable Frederick J. Scullin, Jr., Senior United States District Judge, referred this motion to the undersigned for a report and recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

For the reasons that follow, the Court recommends granting Defendants' motion for summary judgment on exhaustion grounds.

**I.    BACKGROUND AND CONTENTIONS**

Plaintiff's claims arise out of an incident occurring while he was housed at Washington Correctional Facility ("WCF"). (Dkt. No. 23 at ¶ 24.[1]) Generally, Plaintiff claims on July 7, 2013, he was attacked by another inmate while playing basketball. *Id.* at ¶ 25.[2] Norton and Lester approached after an unnamed correction officer ordered the two inmates to stop fighting. *Id.* at ¶¶ 29-31. Plaintiff contends Defendants assaulted him and subjected him to excessive force, resulting in injuries. (Dkt. Nos. 73-1 at ¶ 3; 73-2 at ¶¶ 8-9.) The next day, Plaintiff received a Tier II Ticket for fighting. (Dkt. No. 73-2 at ¶ 19.)

---

[1] Paragraph references are used where the referenced document on the docket contains consecutively numbered paragraphs throughout.

[2] The Court's Report Recommendation on Defendants' partial motion to dismiss contains a more detailed account of the underlying incident. (Dkt. No. 43.) This Report Recommendation focuses on Plaintiff's efforts to exhaust administrative remedies.

On July 9, 2013, Plaintiff wrote and submitted a grievance concerning the July 7, 2013, incident. (Dkt. Nos. 73-2 at ¶ 28; 73-3 at 2, 10-11.[3]) The inmate grievance office stamped Plaintiff's grievance (WSH-7023-13) as received on July 10, 2013. (Dkt. No. 73-3 at 10.) Because it alleged staff misconduct, Plaintiff's grievance was given a code of 49 and forwarded to the Superintendent. (Dkt. Nos. 64-3 at ¶ 15; 73-3 at 10.) On August 26, 2013, the Superintendent denied Plaintiff's grievance. (Dkt. No. 73-3 at 19.) Plaintiff received a copy of this decision. (Dkt. Nos. 64-4 at ¶ 9; 73-1 at ¶ 9.) According to Rachel Seguin, the Assistant Director of the Inmate Grievance Program ("IGP") for DOCCS and custodian of records maintained by the Central Office Review Committee ("CORC"), as of October 19, 2018, Plaintiff had not submitted an appeal to CORC regarding the grievance relating to the July 7, 2013, incident. (Dkt. No. 64-2 at ¶¶ 16-17.)

Defendants contend summary judgment is warranted because Plaintiff failed to exhaust his administrative remedies before commencing this action. (Dkt. No. 64-1.) In response, Plaintiff argues his administrative remedies were unavailable, citing at least five attempts to file an appeal to CORC and alleging various correction officers "thwart[ed]" his ability to exhaust administrative remedies by "destroying and/or throwing away" his appeal paperwork. (Dkt. No. 73 at 21-25.) Plaintiff also contends Defendants waived the non-exhaustion defense. *Id.* at 25-26. In their reply, Defendants argue Plaintiff's attempted appeals were appeals of the disposition of his disciplinary hearing, not his grievance, and his allegations are too "conclusory" to warrant a finding of unavailability. (Dkt. No. 76.)

---

[3] Citations to page numbers in documents on the docket are to the pages the Court's CM/ECF electronic filing system automatically assigns.

3

**II.  LEGAL STANDARD**

A court shall grant summary judgment only if the submissions of the parties taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, no genuine issue of material fact exists.  *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006).  A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Liberty Lobby*, 477 U.S. at 248.

Only after the moving party has met this burden is the nonmoving party required to produce evidence demonstrating genuine issues of material fact exist.  *Salahuddin*, 467 F.3d at 272-73.  The nonmoving party must do more than "rest upon the mere allegations . . . of [the plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 & n.11 (1986).  "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).  In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008).

In *Jeffreys v. City of New York*, the Second Circuit reminded that on summary judgment motions "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." 426 F.3d 549, 554 (2d Cir. 2005).  To defeat summary judgment, nonmoving parties "may not

4

rely on conclusory allegations or unsubstantiated speculation." *Id*. (citation omitted). "At the summary judgment stage, a nonmoving party must offer some hard evidence showing that its version of the events is not wholly fanciful." *Id*. (citation and quotation marks omitted). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).

### III.    EXHAUSTION OF ADMINISTRAIVE REMEDIES

#### A.    Legal Standards

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

The PLRA requires "proper exhaustion," which means using all steps the administrative review process applicable to the institution in which an inmate is confined requires and doing so properly. *Id.* at 218 (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly"). In New York State prisons, DOCCS has a well-established three-step IGP. *See* 7 N.Y.C.R.R. § 701.5.

However, special procedures are used when, as in this case, the relevant grievance involves staff misconduct. *Id*. § 701.8. A grievance alleging staff misconduct, once it is given a number and recorded, must be sent directly to the superintendent, and the superintendent must issue a decision within twenty-five days. *Id*. § 701.8(b), (f). If the grievant wishes to appeal the superintendent's decision to CORC, he must do so within seven days of receipt of the decision. *Id*. § 701.8(h). Thereafter, CORC must render a written decision within thirty days of receipt of the appeal. *Id*. § 701.8(i) (incorporating Section 701.5); *see id.* § 701.5(d)(3)(ii).

At each step of the IGP, a decision must be rendered within a specified time period. "Where the IGRC and/or superintendent do not timely respond, an inmate must appeal 'to the next step,'" assuming there is a "next step" in the IGP. *Eleby v. Smith*, No. 9:15-CV-0281 (TJM/DEP), 2017 WL 986123, at *4 (N.D.N.Y. Jan. 9, 2017) (quoting 7 N.Y.C.R.R. § 701.6(g)(2)), *report-recommendation adopted by* 2017 WL 979040 (N.D.N.Y. Mar. 13, 2017); *see also Smith v. Kelly*, 985 F. Supp. 2d 275, 281 (N.D.N.Y. 2013) ("[A]ny failure by the IGRC or the superintendent to timely respond to a grievance . . . can—and must—be appealed to the next level . . . to complete the grievance process.").

Generally, if a plaintiff fails to follow each of the required steps of the IGP, including receipt of a decision from CORC, prior to commencing litigation, he has failed to exhaust his administrative remedies as required under the PLRA. *See Ruggiero v. County of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) ("[T]he PLRA requires proper exhaustion, which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (quotations marks and citations omitted)). Nevertheless, the PLRA also "contains its own, textual exception to mandatory exhaustion." *Ross*, 136 S. Ct. at 1858. More specifically, Section 1997e(a) provides that only those administrative remedies that "are

6

available" must first be exhausted.  42 U.S.C. § 1997e(a); *see also Ross*, 136 S. Ct. at 1858 ("[T]he exhaustion requirement hinges on the availability of administrative remedies." (quotation marks and brackets omitted)).  In the PLRA context, the Supreme Court has determined "availability" means "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of."  *Ross*, 136 S. Ct. at 1859 (quotation marks and citations omitted).

The *Ross* Court identified three circumstances in which a court may find internal administrative remedies are not available to prisoners under the PLRA.  *Id*. at 1859-60.  First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates."  *Id*. at 1859.  "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use."  *Id*.  Finally, an administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id*. at 1860.[4]

Non-exhaustion is an affirmative defense.  *See Jones*, 549 U.S. at 216.  A party must assert any affirmative defense "[i]n responding to a pleading."  Fed. R. Civ. P. 8(c).  The failure to raise an affirmative defense in a responsive pleading generally results in a waiver of that defense.  *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580-81 (2d Cir. 1994); *Villante v. VanDyke*, 93 F. App'x 307, 308-09 (2d Cir. 2004) (summary order) (noting the Federal Rules require only that an affirmative defense be included in a responsive pleading, "not

---

[4] In *Williams v. Correction Officer Priatno*, the Second Circuit noted "the three circumstances discussed in *Ross* do not appear to be exhaustive."  829 F.3d 118, 123 n.2 (2d Cir. 2016).  The illustrations of unavailability in *Ross* nonetheless guide the Court's inquiry.  *See Mena v. City of New York*, No. 13-CV-2430 (RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

that it be the subject of a pretrial motion"). Because non-exhaustion is an affirmative defense, defendants bear the burden of showing a prisoner has failed to satisfy the exhaustion requirements. *See Adams v. O'Hara*, No. 9:16-CV-0527 (GTS/ATB), 2019 WL 652409, at *4 (N.D.N.Y. Feb. 15, 2019). The plaintiff must then establish the IGP grievance procedure was unavailable to him under *Ross*. *See id.*

### B. Analysis

#### 1. Waiver

As an initial matter, Plaintiff argues Defendants waived the affirmative defense of failure to exhaust administrative remedies. (Dkt. No. 73 at 25.) Plaintiff also argues Defendants did not raise this defense in their two earlier motions to dismiss. (*See* Dkt. Nos. 11; 32; 73 at 25.) However, Defendants stated the following in their Answer to the Second Amended Complaint (Defendants' first responsive pleading): "To the extent [P]laintiff has failed to exhaust administrative remedies, [P]laintiff is barred from proceeding by 42 U.S.C. § 1997(e)." (Dkt. No. 45 at 3.)

The Federal Rules of Civil Procedure require a defendant to plead an affirmative defense in a responsive pleading. *See* Fed. R. Civ. P. 8(c). Rule 8 does not require the defendant to raise the defense in a motion to dismiss. *Id.* Here, Defendants raised the non-exhaustion defense in their Answer to the Second Amended Complaint. (Dkt. No. 45 at 3.) Accordingly, the Court finds Defendants did not waive the non-exhaustion defense and will consider it on the merits. *See Villante*, 93 F. App'x at 308-09.[5]

---

[5] Plaintiff contends the nearly two-year delay in filing the present motion for summary judgment has prejudiced Plaintiff. (*See* Dkt. No. 73 at 26.) However, because Plaintiff's counsel consented to Defendants' request to file a motion for summary judgment on exhaustion grounds, the Court does not find consideration of this motion will prejudice Plaintiff. (*See* Dkt. No. 62.)

8

2.   Exhaustion

It is undisputed that, on or before July 10, 2013, Plaintiff wrote and submitted a grievance concerning the July 7, 2013, incident. (Dkt. Nos. 64-4 at ¶¶ 4, 8; 73-1 at ¶ 4.) His grievance was given a code of 49 and forwarded to the Superintendent, who denied the grievance on August 26, 2013. (Dkt. No. 73-3 at 19.) Plaintiff concedes he received a copy of the Superintendent's decision denying his grievance. (Dkt. Nos. 64-4 at ¶ 9; 73-1 at ¶ 9.)

Although Plaintiff contends he attempted to file an appeal of the Superintendent's decision to CORC at least five times, he received no correspondence from CORC or any other entity relating to his appeal. (Dkt. No. 73 at 17.) As of October 19, 2018, CORC had no records of any grievance appeals Plaintiff filed. (Dkt. No. 64-2 at ¶¶ 16-18.) Accordingly, Plaintiff never received a decision from CORC, which is the last step in the exhaustion process which must be fulfilled before a prisoner may file suit in federal court. *See Ruggiero*, 467 F.3d at 176. Based upon the foregoing, the Court finds Defendants have satisfied their burden of demonstrating Plaintiff failed to exhaust his administrative remedies prior to commencing this action.

The Court also finds Plaintiff has failed to submit nonconclusory evidence sufficient to raise a material issue of fact on the question of availability of the IGP under *Ross*. Plaintiff concedes he received the Superintendent's August 26, 2013, decision denying his grievance arising out of the July 7, 2013, incident. (Dkt. Nos. 64-4 ¶ 9; 73-1 ¶ 9; 73 at 15.) Plaintiff therefore had seven days from August 26, 2013—*i.e.*, until September 2, 2013—within which to appeal the Superintendent's decision to CORC. *See* 7 N.Y.C.R.R. § 701.8(h). However, Plaintiff does not discuss the period of time from August 26, 2013, to September 2, 2013, in his Second Amended Complaint, Response to Defendants' Motion for Summary Judgment,

9

Declaration or Daily Log.  (*See* Dkt. Nos. 23; 73 at 15; 73-2 at ¶¶ 99-101; 73-3 at 6-7.)  Plaintiff thus has made no allegation, and the record does not support a contention, that the administrative process laid out for appealing the Superintendent's denial of his grievance was unavailable to Plaintiff during the relevant time period.  *See id.*[6]

Plaintiff does argue, however, he attempted to appeal the grievance five times after September 2, 2013.  (Dkt. No. 73 at 17.)  However, the record before the Court indicates these attempts to file an appeal refer to attempted appeals of the Superintendent's affirmance of the disposition of Plaintiff's disciplinary hearing on his Tier II ticket.  *Id*. at 16-17.  To that end, on September 3, 2013, Plaintiff was found guilty of violent conduct, creating a disturbance, and fighting.  (Dkt. No. 73-3 at 23-24.)  On September 4, 2013, Plaintiff appealed the result of this hearing to the Superintendent.  *Id.* at 26.  The Superintendent affirmed the disposition of the disciplinary hearing on September 5, 2013.  *Id.*  At this point Plaintiff "appealed the Superintendent's decision affirming the disposition of his hearing on September 3, 2013[,] to [CORC]."  (Dkt. No. 73 at 16.)

The process of appealing the results of a disciplinary hearing, however, is "separate" from the grievance process.  *Toliver v. Adner*, No. 9:18-CV-1420 (DNH/ATB), 2019 WL 3503059, at *3 (N.D.N.Y. June 3, 2019), *report-recommendation adopted by* 2019 WL 3497099 (N.D.N.Y. Aug. 1, 2019); *Kimbrough v. Fischer*, No. 9:13-CV-0100 (FJS/TWD), 2014 WL 12684106, at *6 (N.D.N.Y. Sept. 29, 2014) ("DOCCS has a separate and distinct administrative process for inmates to appeal the result of disciplinary hearings, which is not referred to as a

---

[6] Though Plaintiff did not receive an orientation or handbook when he was transferred to WCF, he did receive an orientation at Elmira Correctional Facility, his first DOCCS facility. (Dkt. No. 73-2 at ¶¶ 2-6.) Moreover, Plaintiff filed additional grievances, indicating his awareness of the IGP; he also had the advice of counsel to appeal adverse determinations of his grievance. (Dkt. Nos. 73 at 12, 14, 16; 73-2 at ¶ 90.)

10

'grievance' process. In fact, the regulations specifically state that the results of disciplinary hearings are 'non-grievable.'" (citing 7 N.Y.C.R.R. § 701.3(e)(1)-(2))), *report-recommendation adopted by* 2016 WL 660919 (N.D.N.Y. Feb. 18, 2016). An inmate "cannot adequately exhaust his remedies for PLRA purposes through his administrative appeal of the hearing decision; he must separately grieve" the alleged misconduct. *Toliver*, 2019 WL 3503059, at *3 (quoting *Kimbrough*, 2014 WL 12684106, at *6). This is true "even if the federal complaint and the disciplinary action share the same operative facts." *McCoy v. Goord*, 255 F. Supp. 2d 233, 246 (S.D.N.Y. 2003).

Thus, although Plaintiff properly commenced the grievance procedure relating to his claims of excessive force and failure to protect, Plaintiff was required to follow this procedure to completion to fully exhaust his administrative remedies under PLRA. Plaintiff makes no allegation he was prevented from appealing the Superintendent's decision denying his grievance to CORC or this particular step in the IGP was unavailable to him.

Plaintiff's reliance on *Resto-Otero v. Mohammad*, No. 9:17-CV-1115 (GLS/DEP), 2018 WL 5795508 (N.D.N.Y. Oct. 3, 2018), *report-recommendation adopted by* 2018 WL 5792760 (N.D.N.Y. Nov. 5, 2018), is therefore misplaced. There, the district court denied the defendant's motion to dismiss on exhaustion grounds where the plaintiff alleged he filed four different grievances and never received a response. *Id.* at *8. During this time, the plaintiff was in Keep-Lock status and had arguments with officers who refused to process his mail. *Id.* However, Plaintiff's allegations in the instant case regarding threats and harassment on the part of correction officers relate to his attempted appeals of the Superintendent's affirmance of the disposition of his *disciplinary hearing*, not of the Superintendent's denial of his grievance. (Dkt. No. 73 at 16-17.) Because Plaintiff has produced no evidence showing the administrative

11

process was unavailable to him during the time within which he was required to appeal the *grievance* decision to CORC, the Court concludes Plaintiff has not met his burden of demonstrating his administrative remedies were unavailable to him under *Ross* and concludes Plaintiff did not exhaust his claims as the PLRA requires.

Accordingly, the Court recommends granting Defendants' motion for summary judgment.

### 3. Dismissal with Prejudice

Dismissal without prejudice for failure to exhaust administrative remedies is appropriate when the plaintiff "can cure the defect simply by exhausting them and then reinstituting his suit." *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004) (citing *Snider v. Melindez*, 199 F.3d 108, 111-12 (2d Cir. 1999)). Conversely, dismissal with prejudice is appropriate "where a plaintiff is effectively barred from administrative exhaustion." *McCoy*, 255 F. Supp. 2d at 252; *see also Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 240 (W.D.N.Y. 2010) (dismissing claim with prejudice where, "[s]ince the time limits for plaintiff to file an administrative appeal have long since passed, administrative remedies are no longer available to him").

Here, more than six years have passed since Plaintiff was required to appeal his grievance to CORC. Because Plaintiff's failure to exhaust is incurable, the Court recommends granting Defendants' motion for summary judgment for failure to exhaust administrative remedies with prejudice.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendants' motion for summary judgment for failure to exhaust administrative remedies (Dkt. No. 64) be **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's Second Amended Complaint (Dkt. No. 23) be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: February 13, 2020
       Syracuse, New York

*[Signature]*
Thérèse Wiley Dancks
United States Magistrate Judge