**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EVAN NIX,**

                        **Plaintiff,**

                v.                                       **9:16-CV-828**
                                                           **(FJS/TWD)**

**CORRECTION OFFICER STEVEN**
**LESTER, and CORRECTION OFFICER**
**VICTOR NORTON,**

                        **Defendants.**
_____

**APPEARANCES**                                 **OF COUNSEL**

**LAW OFFICES OF DEVON M. RADLIN**    **DEVON M. RADLIN, ESQ.**
112 West 34th Street, 18th Floor
New York, New York 10120
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**             **ERIK BOULE PINSONNAULT, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

# ORDER

      On July 7, 2016, Plaintiff, an inmate in custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. *See* Dkt. No. 1. Plaintiff filed an amended complaint on December 8, 2016, which the Court ordered stricken from the docket. *See* Dkt. Nos. 20, 26. Thereafter, Plaintiff filed a second amended complaint with permission on January 13, 2017. *See* Dkt. No. 23. This became the operative pleading. According to Plaintiff, Defendants beat him on July 7, 2013, after he was

in an altercation with another inmate. *See id*. Based on this event, Plaintiff raises an excessive force and failure to protect claim against Defendants. *See* Dkt. Nos. 23, 56.

Defendants then moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that Plaintiff had failed to exhaust his administrative remedies before filing his complaint. *See* Dkt. No. 64. Plaintiff opposed the motion, and Defendants submitted a reply. *See* Dkt. Nos. 73, 76. In a Report Recommendation dated February 13, 2020, Magistrate Judge Dancks recommended that this Court grant Defendants' motion for summary judgment and dismiss Plaintiff's second amended complaint with prejudice. *See* Dkt. No. 77 at 12-13. The parties did not file any objections to those recommendations.

When a party does not object to a magistrate judge's report-recommendation, the court reviews that report-recommendation for clear error or manifest injustice. *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted). After conducting this review, "the Court may 'accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has reviewed Magistrate Judge Dancks' February 13, 2020 Report Recommendation for clear error and manifest injustice; and, finding none, the Court hereby

**ORDERS** that Magistrate Judge Dancks' February 13, 2020 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment, *see* Dkt. No. 64, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's second amended complaint, *see* Dkt. No. 23, is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: March 18, 2020
       Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Senior United States District Judge